**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| COOPER SCHULZE, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 3:20-cv-1130-X |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RAJEEV YALAMANCHILI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |
| v. | |
| HALLMARK FINANCIAL SERVICES, INC., NAVEEN ANAND, and JEFFREY R. PASSMORE, | |
| Defendants. | |

**TABLE OF CONTENTS**

**Page**

I.   STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT ............................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

II.  PRELIMINARY STATEMENT .................................................................................................1

III. STATEMENT OF FACTS ..........................................................................................................3

IV.  SUMMARY OF THE ARGUMENT .........................................................................................4

      A.   Mr. Yalamanchili Should Be Appointed Lead Plaintiff ...........................................4

           1.   Mr. Yalamanchili's Motion Is Timely ...........................................................5

           2.   Mr. Yalamanchili Has The "Largest Financial Interest" In
The Relief Sought By The Class......................................................................5

           3.   Mr. Yalamanchili Satisfies The Requirements Of Rule 23 .........................6

      B.   Lead Plaintiff's Selection Of Counsel Should Be Approved....................................8

V.   CONCLUSION.............................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Feder v. Elec. Data Sys. Corp.*,
   429 F.3d 125 (5th Cir. 2005) ................................................................................7

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) .......................................................................7

*Izadjoo v. Kratz*,
   2016 WL 343989 (S.D. Tex. Jan. 28, 2016) .........................................................8

*Mullen v. Treasure Chest Casino, L.L.C.*,
   186 F.3d 620 (5th Cir. 1999) ................................................................................6

*Mullins v. AZZ, Inc.*,
   2018 WL 7504312 (N.D. Tex. Aug. 9, 2018)................................................5, 6, 7

*Schwartz v. TXU Corp., et al.*,
   2005 WL 3148350 (N.D. Tex. 2005)....................................................................6

### STATUTES

U.S.C. § 78u-4(a)(3) ...................................................................................................1

15 U.S.C. § 77z-1(a)(3)(B)(i) .....................................................................................4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ...............................................................................5

15 U.S.C. § 78u-4(a)(1) ..............................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)(i) .....................................................................................5

15 U.S.C. § 78u-4(a)(3)(B) .........................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................2, 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...........................................................................2, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)..........................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ........................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................1, 8

Exchange Act ............................................................................................................................4

Exchange Act Sections 10(b) and 20(a) (15 U.S.C. §§ 78j(b), 78t(a)) ...........................................2

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4: (i) ......................................1

### OTHER AUTHORITIES

17 C.F.R. § 240.10b-5 ................................................................................................................2

Federal Rules of Civil Procedure Rule 23(a)(4) ............................................................................7

Local Rule 7.1 .............................................................................................................................1

Rule 10b-5 ..................................................................................................................................2

Rule 23 ................................................................................................................................2, 5, 6

Putative class member Rajeev Yalamanchili ("Mr. Yalamanchili" or "Movant"), by his counsel, hereby moves this Court for an Order pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4: (i) appointing Mr. Yalamanchili as Lead Plaintiff in the above-referenced action; (ii) approving Mr. Yalamanchili's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel and Stanley Law Group as Liaison Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.[1]  In support of this Motion, the Movant submits a memorandum of law, the Declaration of Lucas E. Gilmore ("Gilmore Decl.") and a Proposed Order, filed concurrently herewith.

## I.    STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

1.    Whether the Court should appoint Movant as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2.    Whether the Court should approve of Movant's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel for the proposed class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

## II.    PRELIMINARY STATEMENT

This is a federal securities class action alleging that Hallmark Financial Services, Inc. ("Hallmark" or the "Company") and certain of its senior executives (collectively, "Defendants")

---

[1] Local Rule 7.1 requires a conference of counsel prior to filing motions.  Pursuant to the PSLRA, however, if any class member desires to be appointed lead plaintiff, the class member must file a motion within a certain period of time. U.S.C. § 78u-4(a)(3).  Thus, Movant is presently unaware of the other entities or persons who plan to move for appointment as lead plaintiff and will not know their identities until after all the movants have filed their respective motions.  Under these circumstances, Movant respectfully requests that the conferral requirement of LR 7.1 be waived.

violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). The action alleges that from March 5, 2019 and March 17, 2020, Defendants misled investors concerning the accuracy of Hallmark's reported financial results, including its loss reserve accounting for its Binding Primary Commercial Auto business line.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the most adequate plaintiff is the movant who has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that he is a typical and adequate class representative under Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Mr. Yalamanchili is the "most adequate plaintiff" by virtue of, among other things, the over $4,856 in losses he incurred on purchases of 821 shares of Hallmark common stock during the Class Period.

In addition to asserting the largest financial interest, Movant readily satisfies the relevant requirements of Rule 23 because Movant's claims are typical of those of all members of the Class and Movant will fairly and adequately represent the interests of the Class. Here, Mr. Yalamanchili, a Houston, Texas-based entrepreneur, is well-suited to represent the Class given his sophistication and substantial financial interest. In addition, Mr. Yalamanchili fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is committed to fulfilling those responsibilities to guarantee zealous prosecution of this action.

Movant has further demonstrated his adequacy through his selection of Hagens Berman as Lead Counsel and Stanley Law Group as Liaison Counsel for the Class. Hagens Berman has an established track record of achieving substantial recoveries for the benefit of investors, including within this District. Hagens Berman has extensive experience in securities fraud

litigation and is qualified to prosecute this action.  Stanley Law Group is also an experienced and qualified law firm whose attorneys are familiar with local practice in this District.

Based on Movant's financial interest in the outcome of this action, Movant's commitment to act in the best interests of the Class to maximize the recovery in this case, and its ability to oversee counsel, Movant respectfully requests that the Court appoint Movant Lead Plaintiff and otherwise grant Movant's Motion.

## III.    STATEMENT OF FACTS

Hallmark Financial is a Dallas, Texas-based diversified property/casualty insurance group.  Complaint, ECF No. 1, ¶ 20.  Among other commercial insure lines, the Company offers Binding Primary Commercial Auto insurance. *Id.*

The Complaint alleges that that throughout the Class Period, Defendants violated the Securities Exchange Act by making false and misleading statements and omissions concerning the accuracy of Hallmark's reported financial results, including its loss reserve accounting for its troubled Binding Primary Commercial Auto business line.  *Id.* at ¶¶ 21-28.  Specifically, Defendants allegedly made false positive statements concerning the Company's business, operations and prospects, while concealing: (1) the Company lacked effective internal controls over accounting and financial reporting related to reserves for unpaid losses; (2) that the Company improperly accounted for reserve for unpaid losses and loss adjustment expenses related to its Binding Primary Commercial Auto business; and (3) that, as a result, Hallmark Financial would be forced to report a $63.8 million loss development for prior underwriting years.  *Id.* at ¶ 29.

The Complaint alleges that investors learned the truth through a series of disclosures beginning on March 2, 2020, when Hallmark announced that it had decided to exit from its Binding Primary Commercial Auto business and reported a $63.8 million loss development for

prior underwriting years. *Id*. at ¶ 30.  On this news, the Company's share price fell $2.10, or more than 14%, to close at $12.23 per share on March 3, 2020, on unusually heavy trading volume. *Id*. at ¶ 31.

Then, on March 11, 2020, Hallmark disclosed that it had dismissed its independent auditor, BDO USA, LLP ("BDO"), due to a disagreement regarding estimates for reserves for unpaid losses, among other things. *Id*. at ¶ 32.  On this news, the Company's share price fell $2.39, or over 29%, to close at $5.71 per share on March 12, 2020, on unusually heavy trading volume.  *Id*. at ¶ 33.

Finally, on March 17, 2020, Hallmark filed with the SEC a letter from BDO in which BDO stated, "BDO expanded significantly the scope of its audit on January 31, 2020, with respect to which a substantial portion of the requests had not been received and/or tested prior to our termination." *Id*. at ¶ 34.  On this news, the Company's share price fell $0.08, or 2.5%, to close at $3.12 per share on March 18, 2020.  *Id*. at ¶ 35.

## IV.    SUMMARY OF THE ARGUMENT

### A.    Mr. Yalamanchili Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1); see also 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA requirements are both procedural and substantive.  *Id.*  The Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The PSLRA provides that the Court shall adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Movant meets these requirements and should, therefore, be appointed as Lead Plaintiff.

### 1.    Mr. Yalamanchili's Motion Is Timely

The pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i).  The notice published in this action on May 5, 2020 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline.  *See* Published Notice, Gilmore Decl., Exhibit C.  Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2.    Mr. Yalamanchili Has The "Largest Financial Interest" In The Relief Sought By The Class

"To determine the largest financial interest, courts consider '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.'" *Mullins v. AZZ, Inc.*, No. 4:18-CV-025-Y, 2018 WL 7504312, at *1 (N.D. Tex. Aug. 9, 2018) (quoting *Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RAJEEV YALAMANCHILI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

- 5 -

618, 622 (D. Mass. 2016) and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).

During the Class Period, Movant expended over $13,504 in purchasing Hallmark shares on NASDAQ during the Class Period at the artificially inflated prices and suffered losses of over $4,856.63 whether calculated on a FIFO or LIFO basis. See Gilmore Decl., Exs. A and B. To the best of Movant's counsel's knowledge, there is no other plaintiff with a larger financial interest than Mr. Yalamanchili. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.    Mr. Yalamanchili Satisfies The Requirements Of Rule 23

In addition to possessing a significant financial interest, Movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage of the litigation, [a movant] "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *AZZ, Inc.*, 2018 WL 7504312, at \*1.

#### a.    Movant's claims are typical of the claims of all the class members.

Typicality "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those they purport to represent." *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 625 (5th Cir. 1999). Identity of claims is not required; "[r]ather, the critical inquiry is whether the class representative's claims have the same essential characteristics as that of the putative class." *Schwartz v. TXU Corp., et al.*, No. 3:02-CV-2243-K, 2005 WL 3148350, \*14 (N.D. Tex. 2005) (Kinkeade, J.) (quotation omitted). "If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *Id.*

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RAJEEV YALAMANCHILI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

- 6 -

Here, Mr. Yalamanchili's claims are typical of the class because, like the other plaintiffs, he purchased the common stock of Hallmark, during the Class Period, allegedly in reliance upon Defendants' false and misleading statements, and suffered damages as a result. If Mr. Yalamanchili is "successful in proving its injury and losses resulting from ... Defendants' allegedly fraudulent scheme, [Mr. Yalamanchili] will necessarily prove the conduct [that] underlies the claims of all purported plaintiffs, just as it will establish the elements of those claims." *AZZ, Inc.*, 2018 WL 7504312, at *2 (quoting *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)).

### b.        Movant will adequately represent the interests of the Class.

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The adequacy requirement requires "an inquiry into [1] the zeal and competence of the representatives' counsel and [2] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (*citing Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) (internal citations omitted)).  As described below, Movant will adequately represent the interests of the class.

Here, Mr. Yalamanchili satisfies these elements because his substantial financial stake in the litigation provides the incentive to vigorously represent the Class' claims.  *Gluck*, 976 F. Supp. at 546.  In addition, Mr. Yalamanchili – who resides in the Houston, Texas area and owns and operates a scrap metal trading company – is willing and able to serve as lead plaintiff and control the litigation and protect the interests of absent classmembers.  Finally, Movant's and the Class' interests are perfectly aligned.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Movant and other Class members.  To further

illustrate his adequacy, Movant submits herewith a Certification affirming his understanding of the duties owed to Class members through his commitment to oversee and monitor the prosecution of this action in the best interests of the Class.  Gilmore Decl. Ex. A.  Finally, Movant has demonstrated his adequacy through his selection of Hagens Berman as Lead Counsel to represent the Class in this action.  As discussed more fully below, Hagens Berman is a highly qualified and experienced firm in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct securities class action litigation effectively.

**B.      Lead Plaintiff's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate.  *See Izadjoo v. Kratz*, No. 4:15-cv-02213, 2016 WL 343989, at *3 (S.D. Tex. Jan. 28, 2016) (approving proposed lead counsel that had "extensive experience in securities class actions," and approving proposed liaison counsel with "extensive experience serving as liaison class counsel.").

Movant has selected Hagens Berman to serve as Lead Counsel and Stanley Law Group as Liaison Counsel for the proposed Class.  Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. D.  Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases.  *See* Gilmore Decl., Ex. D at p. 31.  Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions.  *See* Gilmore Decl., Ex. D at p. 32.  Proposed Liaison Counsel Stanley Law Group is also a highly experienced firm that

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RAJEEV YALAMANCHILI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

- 8 -

regularly appears in this District and is familiar with local practice.  If this motion is granted, Hagens Berman and Stanley Law Group will provide members of the Class with the highest caliber of representation available.  Accordingly, the Court should approve Movant's selection of Lead and Liaison Counsel.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Mr. Yalamanchili as Lead Plaintiff for the Class; and (2) approving his selections of Hagens Berman as Lead Counsel and Stanley Law Group as Liaison Counsel for the Class.

DATED: July 6, 2020                          Respectfully submitted,

                                             STANLEY LAW GROUP

                                             By ____/s/ Marc R. Stanley_____
                                                    Marc R. Stanley

                                             Marc R. Stanley (TX Bar No. 19046500)
                                             6116 N. Central Expressway, Suite 1500
                                             Dallas, TX  75206
                                             Telephone: (214) 443-4301
                                             Facsimile:  (214) 443-0358
                                             marcstanley@mac.com

                                             *Liaison Counsel for [Proposed] Lead Plaintiff Rajeev Yalamanchili*

                                             Reed R. Kathrein (CA Bar No. 139304)
                                             (*Pro Hac Vice Forthcoming*)
                                             Lucas E. Gilmore (CA Bar No. 250893)
                                             (*Pro Hac Vice Forthcoming*)
                                             HAGENS BERMAN SOBOL SHAPIRO LLP
                                             715 Hearst Avenue, Suite 202
                                             Berkeley, CA  94710
                                             Telephone: (510) 725-3000
                                             Facsimile:  (510) 725-3001
                                             reed@hbsslaw.com
                                             lucasg@hbsslaw.com

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RAJEEV YALAMANCHILI FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

Steve W. Berman (WA Bar No. 12536)
(*Pro Hac Vice Forthcoming*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*
*Rajeev Yalamanchili*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

/s/ Marc R. Stanley
MARC R. STANLEY

- 1 -

1323402 V1