**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| COOPER SCHULZE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HALLMARK FINANCIAL SERVICES, INC., NAVEEN ANAND, and JEFFREY R. PASSMORE,<br><br>Defendants. | Civil Action No. 3:20-cv-1130-X<br><br>**RAJEEV YALAMANCHILI'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................................1

II.   ARGUMENT.........................................................................................................2

        A.    Mr. Yalamanchili Is the Most Adequate Plaintiff.......................................2

              1.    Mr. Yalamanchili Has The "Largest Financial Interest" In
                    The Relief Sought By The Class...................................................3

              2.    Mr. Yalamanchili Satisfies The Requirements Of Rule 23 ........................3

        B.    Mr. Yalamanchili's Selection of Counsel Should Be Approved ...........................4

III.  CONCLUSION.....................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*Ark. Teacher Ret. Sys. v. Insulet Corp.*,
   177 F. Supp. 3d 618 (D. Mass. 2016) ...................................................................................3

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) .....................................................................................4

*Mullins v. AZZ, Inc.*,
   2018 WL 7504312 (N.D. Tex. Aug. 9, 2018)............................................................1, 2, 3, 4

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................................................................................3

*Schwartz v. TXU Corp., et al.*,
   2005 WL 3148350 (N.D. Tex. Nov. 8, 2005)....................................................................1, 3

*Stein v. Match Group, Inc.*,
   2016 WL 3194334 (N.D. Tex. June 9, 2016) .......................................................................4

### Federal Statutes

15 U.S.C. § 78u-4 ....................................................................................................1, 2, 4

15 U.S.C. § 78u-4(a)(3)(B)(i) ........................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .............................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)...................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ............................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(v) ........................................................................................4

### Other Authorities

Rule 23 ..................................................................................................................2, 3

Rule 23(a).....................................................................................................................1

## I.    INTRODUCTION

Two motions for appointment as lead plaintiff are pending before this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1] One movant stands above all as the "most adequate plaintiff," Rajeev Yalamanhili ("Mr. Yalamanchili" or "Movant"). 15 U.S.C. § 78u-4(a)(3)(B)(i).

*First*, Mr. Yalamanchili's financial interest in the litigation is multiples larger than that of competing movants. *Mullins v. AZZ, Inc.*, No. 4:18-CV-025-Y, 2018 WL 7504312, at *1 (N.D. Tex. Aug. 9, 2018) (focusing on movants' estimated losses in determining which applicant had the largest financial interest).



*Second*, Mr. Yalamanchili has made a preliminary showing of his typicality and adequacy. Mr. Yalamanchili satisfies the typicality requirement since his "claims arise from a similar course of conduct and share the same legal theory" as those of absent class members. *Schwartz v. TXU Corp., et al.*, No. 3:02-CV-2243-K, 2005 WL 3148350, *14 (N.D. Tex. Nov. 8,

---

[1] *See* ECF Nos. 12 and 15.

2005) (Kinkeade, J.). Mr. Yalamanchili also satisfies Rule 23(a)'s adequacy requirement. Given his significant financial stake, Mr. Yalamanchili has proven his ability and incentive to prosecute the class's claims vigorously. *See* ECF No. 16. In addition, Mr. Yalamanchili has selected qualified counsel. Finally, there is no conflict between Mr. Yalamanchili's claims and those asserted on behalf of the class.

Having satisfied these two steps, Mr. Yalamanchili is entitled to a strong presumption that he is the "most adequate plaintiff." That presumption can only be rebutted "upon proof" that Mr. Yalamanchili will not fairly and adequately protect the interests of the Class, or that Mr. Yalamanchili is subject to unique defenses that would render him incapable of doing so. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). But there are no facts, let alone any "proof," suggesting that Mr. Yalamanchili is somehow unfit to represent the Class. To the contrary, the record reflects Mr. Yalamanchili is qualified to lead the prosecution of this case.

Accordingly, the Court should appoint Mr. Yalamanchili Lead Plaintiff and approve his choice of counsel.

## II.    ARGUMENT

### A.    Mr. Yalamanchili Is the Most Adequate Plaintiff

The PSLRA creates a presumption that the lead plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make "a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *AZZ, Inc.*, 2018 WL 7504312 at *1. Once this presumption is triggered, it can only be rebutted upon "proof" that the presumptive lead plaintiff will not fairly represent the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

1.    **Mr. Yalamanchili Has The "Largest Financial Interest" In The Relief Sought By The Class**

"To determine the largest financial interest, courts consider '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.'" *AZZ, Inc.*, 2018 WL 7504312, at \*1 (quoting *Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).

Under each of the considerations, Mr. Yalamanchili has the largest financial interest.

| Movant | No. of Shares Purchased | Net Shares Purchased | Total Net Funds Expended | Estimated Losses |
|---|---|---|---|---|
| Mr. Yalamanchili | 821 | 423 | $6,331.02 | $4,856.63 |
| Cooper Schulze | 1 | 1 | $7.81 | $4.32 |
| Starlett Gambrell | 3 | 3 | $55.39 | $44.92 |

Therefore, Mr. Yalamanchili has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

2.    **Mr. Yalamanchili Satisfies The Requirements Of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, Mr. Yalamanchili also satisfies the typicality and adequacy requirements of Rule 23. As demonstrated in his moving papers, Mr. Yalamanchili is a typical class representative since his "claims have the same essential characteristics as that of the putative class." *TXU Corp.,* 2005 WL 3148350, at \*14 (quotation omitted). Like the other class members, Mr. Yalamanchili purchased the common stock of Hallmark, during the Class Period, allegedly in reliance upon Defendants' false and misleading statements, and suffered damages as a result. See ECF No. 17-

2. Thus, if Mr. Yalamanchili is "successful in proving its injury and losses resulting from . . . Defendants' allegedly fraudulent scheme, [Mr. Yalamanchili] will necessarily prove the conduct [that] underlies the claims of all purported plaintiffs, just as it will establish the elements of those claims." *AZZ, Inc*., 2018 WL 7504312, at \*2 (quoting *Gluck v. CellStar Corp*., 976 F. Supp. 542, 546 (N.D. Tex. 1997)).

Mr. Yalamanchili similarly satisfies the adequacy requirement. Mr. Yalamanchili – who resides in the Houston, Texas area and owns and operates a scrap metal trading company – is willing and able to serve as lead plaintiff and control the litigation and protect the interests of absent classmembers. Given his business acumen and financial losses, Mr. Yalamanchili has the ability and incentive to pursue the asserted claims vigorously. To that end, Mr. Yalamanchili has retained competent and experienced counsel. *See* ECF No. 16. Finally, no conflicts exist between Mr. Yalamanchili and the other putative class members. To the contrary, Mr. Yalamanchili's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. *Gluck*, 976 F. Supp. at 546.

**B.     Mr. Yalamanchili's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the PSLRA states that a court is not to disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Hagens Berman is a leading securities class action law firm and has an established track record obtaining successful recoveries for investors in securities class actions. *See* ECF No. 16. Proposed Liaison Counsel Stanley Law Group is also a highly experienced firm that regularly appears in this District and is familiar with local practice. If this motion is granted, Hagens Berman and Stanley Law Group will provide members of the Class with the highest

caliber of representation available. Accordingly, the Court should approve Movant's selection of Lead and Liaison Counsel. *See Stein v. Match Group, Inc.*, No. 3:16-cv-549-L, 2016 WL 3194334, at *8 (N.D. Tex. June 9, 2016) (approving proposed lead counsel that had "extensive experience in securities class actions," and approving proposed liaison counsel with "extensive experience serving as liaison counsel.").

### III.    CONCLUSION

For the foregoing reasons, Mr. Yalamanchili respectfully requests that the Court appoint him Lead Plaintiff for the Class and approve his selection of Hagens Berman as Lead Counsel and Stanley Law Group as Liaison Counsel for the Class.

DATED: July 14, 2020

Respectfully submitted,

STANLEY LAW GROUP

By _____ */s/ Marc R. Stanley* _____
      Marc R. Stanley

Marc R. Stanley (TX Bar No. 19046500)
6116 N. Central Expressway, Suite 1500
Dallas, TX  75206
Telephone: (214) 443-4301
Facsimile:  (214) 443-0358
marcstanley@mac.com

*Liaison Counsel for [Proposed] Lead Plaintiff Rajeev Yalamanchili*

Reed R. Kathrein (CA Bar No. 139304)
(*Pro Hac Vice Forthcoming*)
Lucas E. Gilmore (CA Bar No. 250893)
(*Pro Hac Vice Forthcoming*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (WA Bar No. 12536)
(*Pro Hac Vice Forthcoming*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*
*Rajeev Yalamanchili*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Marc R. Stanley*
MARC R. STANLEY

- 1 -