UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COOPER SCHULZE, individually and behalf of all others similarly situated, § § § *Plaintiff*, § § v. § HALLMARK FINANCIAL § SERVICES, INC., et. al., § § *Defendants*. § § § § | | Civil Action No. 3:20-CV-01130-X |

## MEMORANDUM OPINION AND ORDER

Movant Rajeev Yalamanchili and plaintiff Cooper Schulze, together with movant Starlett Gambrell, brought competing motions to appoint a lead plaintiff and a lead counsel, with Yalamanchili also requesting liaison counsel [Doc. Nos. 12 & 15]. Soon after, Schulze and Gambrell filed a notice of non-opposition to Yalamanchili's motion, meaning Yalamanchili's motion is now unopposed [Doc. No. 19]. For the reasons stated below, the Court **GRANTS** Yalamanchili's lead-plaintiff motion and hereby appoints Yalamanchili as lead plaintiff, Hagens Berman as lead counsel, and Stanley Law Group as liaison counsel.

I.

15 U.S.C. § 78u-4 of the Private Securities Litigation Reform Act of 1995 (Securities Litigation Reform Act) is the governing law on lead-plaintiff appointments. Section 78u-4(a)(3)(B)(i) states the Court must appoint as lead plaintiff "the member or members of the purported plaintiff class that the court

1

determines to be most capable of adequately representing the interests of class members . . . in accordance with this subparagraph." The subparagraph goes on to state that the Court must adopt a presumption that the most adequate plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.[1]

Regarding section 78u-4(a)(3)(B)(iii)(I)(aa), the referenced notice in subparagraph (A)(i) is a notice the plaintiff who files the complaint must publish in "a widely circulated national business-oriented publication or wire service."[2] The notice must advise members of the purported plaintiff class of the pending action and that such purported members may file a motion to serve as lead plaintiff within 60 days of the date the notice is published.[3] Filing a motion to serve as lead plaintiff is what satisfies the presumption requirement under section 78u-4(a)(3)(B)(iii)(I)(aa).

Regarding section 78u-4(a)(3)(B)(iii)(I)(bb), courts generally consider the following factors to determine who in the purported class has the largest financial interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended by

---

[1] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

[2] *Id.* § 78u-4(a)(3)(A)(i).

[3] *Id.* § 78u-4(a)(3)(A)(i)(II).

the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs."[4]

Regarding section 78u-4(a)(3)(B)(iii)(I)(cc), in determining whether the most adequate plaintiff candidate otherwise satisfies "the requirements of Rule 23 of the Federal Rules of Civil Procedure," courts generally consider only whether "two of Rule 23's requirements—typicality and adequacy—are satisfied."[5] "The 'typicality' requirement focuses less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims."[6] The most adequate plaintiff candidate must "have the same essential characteristics of those of the putative class."[7] In a nutshell, "typicality is satisfied if the class representatives' claims or defenses are typical of, but not necessarily identical to, those of the class; class representatives should have the same interests and have suffered the same injuries as others in the class[.]"[8] On the adequacy requirement, "an inquiry into [1] the zeal and competence of the representative[s'] counsel and . . . [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees[.]"[9] Additionally, the Securities Litigation Reform Act requires "that securities class

---

[4] *Buettgen v. Harless*, 263 F.R.D. 378, 380 (N.D. Tex. 2009) (Kinkeade, J.).

[5] *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 2020 WL 2475656, at *3 (S.D. Tex. May 13, 2020) (quotation marks omitted).

[6] *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 297 n.32 (5th Cir. 2001) (quotation marks omitted).

[7] *James v. City of Dall.*, 254 F.3d 551, 571 (5th Cir. 2001), abrogated on other grounds by *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 839–41 (5th Cir. 2012).

[8] *In re Enron Corp. Sec.*, 529 F. Supp. 2d 644, 673 (S.D. Tex. 2006).

[9] *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (alteration in original).

actions be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation."[10]

Yalamanchili timely filed a motion to serve as lead plaintiff in response to the section 78u-4(a)(3)(A)(i) notice sent by Schulze and Gambrell. As such, Yalamanchili meets the section 78u-4(a)(3)(B)(iii)(I)(aa) presumption requirement.

Yalamanchili has the largest financial interest in the relief sought by the class. Yalamanchili purchased 821 of defendant Hallmark Financial Services, Inc.'s (Hallmark) shares, purchased 423 net shares, expended $6331.02 in net funds, and has estimated losses of $4,856.63. In contrast, Schulze and Gambrell—the only other individuals to file a lead plaintiff motion—only show that they collectively purchased 4 shares, which is far below Yalmanchili's purchase. Schulze and Gambrell further agree that Yalamanchili's financial interest is greater than theirs. The Court therefore concludes Yalamanchili has shown he meets the section 78u-4(a)(3)(B)(iii)(I)(bb) presumption requirement.

Yalamanchili's claims are typical of the class and will adequately represent the interests of the class. Like Schulze and Gambrell, Yalamanchili states he purchased Hallmark's stock during the class period in reliance upon the allegedly false and misleading statements of defendants Hallmark, Naveen Anand, and Jeffrey Passmore, and that he suffered damages as a result. The Court concludes the similar bases of the parties' claims establishes that Yalamanchili has shown typicality. On adequacy, Yalamanchili is represented by the law firms Hagens Berman for lead

---

[10] *Id.* (quotation marks omitted).

counsel and Stanley Law Group for liaison counsel, which appear to be qualified and experienced counsel.  Nothing about Yalamanchili or his counsels' interests appears to be antagonistic to the interests of other class members.  Yalamanchili has also provided a certification affirming his understanding his duties and his commitment to represent the interests of the class.  The Court concludes that Yalamanchili has satisfied his burden to show adequacy.

For the reasons stated above, the Court adopts a rebuttable presumption that Yalamanchili is the most adequate lead plaintiff.  As Schulze and Gambrell—the only other lead plaintiff movants—do not oppose Yalamanchili's motion or otherwise rebut, the Court selects Yalamanchili as lead plaintiff.

II.

In determining the selection of lead counsel, the Securities Litigation Reform Act states "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."[11]  Generally, the "court should not disturb the lead plaintiff's choice of counsel unless that is necessary to protect the interests of the [plaintiff] class."[12]  "The adequacy of the putative class representative(s) and of plaintiffs' counsel should not be presumed, however, even in the absence of proof to the contrary; plaintiff bears the burden of demonstrating his and his counsel's adequacy."[13]

---

[11] 15 U.S.C. § 78u–4(a)(3)(B)(v).

[12] *Cambria Cty. Emps. Ret. Sys. v. Venator Materials PLC*, 2019 WL 5328877, at *4 (S.D. Tex. Oct. 21, 2019) (quotation marks omitted) (alteration in original).

[13] *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002) (citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 480–81 (5th Cir. 2001)).

Yalamanchili's selected law firms, Hagens Berman and Stanley Law Group, meet the requirements of lead counsel and liaison counsel. Yalamanchili's motion contains detailed information about Hagen Bergen's experience in securities litigation, and the Court's review of publicly available information shows that Stanley Law Group has experience as liaison counsel in securities litigation. The record shows no basis to infer that these firms will not adequately represent the putative class. Yalamanchili's choice of counsel is approved.

## III.

For the reasons stated above, the Court **GRANTS** Yalamanchili's lead plaintiff motion and hereby appoints Yalamanchili as lead plaintiff, Hagens Berman as lead counsel, and Stanley Law Group as liaison counsel. As Schulze and Gambrell no longer opposes Yalamanchili's motion, the Court **DISMISSES AS MOOT** Schulze and Gambrell's lead-plaintiff motion.

**IT IS SO ORDERED** this 21st day of July, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE